UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM POE, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH NET, INC., et al.,<br><br>Defendants. | CASE NO. CV 18-9792-R<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Notice of Motion and Motion to Remand, filed on December 20, 2018. (Dkt. 20). Having been thoroughly briefed by the parties, this Court took the matter under submission on February 13, 2019.

On August 31, 2018, William Poe ("Plaintiff"), individually and on behalf all others similarly situated, filed a purported Class Action Complaint ("Complaint") against Defendants in the Superior Court of the State of California, County of Los Angeles. Plaintiff's Complaint asserted five causes of action, including: (1) Fraud; (2) Breach of Contract; (3) Violation Cal. Bus & Prof. Code § 17200 *et seq.* (Unfair Competition); (4) Violation of Cal. Civ. Code § 1750 *et seq.* (Consumer Legal Remedies Act); and (5) statutory negligence under California law.[1] On November 21, 2018, all five named defendants—Health Net, Inc.; Centene Corporation; Centene Management

---

[1] Mr. Poe purportedly asserts each cause of action individually, and on behalf of others similarly situated, under the provisions of California Code of Civil Procedure, section 382.

Company, LLC; Health Net of California, Inc.; and Health Net Community Solutions, Inc. (collectively, "Defendants")—filed a Notice of Removal from Los Angeles Superior Court, asserting subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA") . Plaintiff now timely moves to remand for lack of jurisdiction under CAFA.

Removal is proper only if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Federal subject matter jurisdiction hinges on the circumstances that exist at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 908 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

Under CAFA, this Court is vested "with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (construing 28 U.S.C. § 1332(d) as "abandon[ing] the complete diversity rule" for covered class actions). Under this rule, CAFA vests the federal district courts with original jurisdiction over class actions in which: (a) the putative class consists of more than 100 members; (b) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) the matter in controversy exceeds the aggregates sum or value of $5,000,000. 28 U.S.C. § 1332(d). CAFA prevents class plaintiffs from "defeat[ing] federal jurisdiction by filing essentially national or regional class actions limited to plaintiffs from one state," such as the State of California. *E.g.*, *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011).

In his Motion, Plaintiff does not contest the prerequisites for CAFA jurisdiction—namely, numerosity, sufficient amount in controversy, and minimal diversity of parties. Instead, Plaintiff challenges removal jurisdiction under 28 U.S.C. § 1332(d)(4)(A) and closely related grounds,

including the "local controversy" exception to CAFA jurisdiction.[2] Plaintiff further argues that, to the extent the jurisdiction of this Court remains "uncertain" under CAFA, the time for parties' initial meeting under Federal Rule of Civil Procedure Rule 26(f) should be extended "until 30 days after the issue is finally resolved" or appellate review of the issue exhausted. This Court, however, is not persuaded by Plaintiff's arguments.

First, Plaintiff's contention that there exists a "presumption against removal" of class action proceedings under CAFA lacks merit. The U.S. Court of Appeals for the Ninth Circuit has recently clarified that "the Supreme Court [has] left no doubt 'that no antiremoval presumption attends cases involving CAFA'" in class actions "with interstate ramifications." *Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)). Plaintiff *does not* challenge this Court's removal jurisdiction under 28 U.S.C. § 1332(d)(2); rather, Plaintiff moves this Court to decline to exercise CAFA jurisdiction pursuant to specific statutory exceptions in CAFA.

Plaintiff therefore bears the burden of proving that any non-jurisdictional exception applies which would mandate remand in this case. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1018, 1024 (9th Cir. 2007) ("The district court held that the Employers, the parties seeking removal, bear the burden to establish the ["home-state controversy"] exception. We disagree. The structure of the statute and the long-standing rule on proof of exceptions to removal dictate that *the party seeking remand bears the burden of proof as to any exception under CAFA*." (emphasis added)); *see also Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869, 869 n.3 (9th Cir. 2013) ("The 'local controversy' exception is *not jurisdictional*." (emphasis added)); *Kuxhausen v. BMW Fin. Servs., N.A.*, 707 F.3d 1136, 1139 (9th Cir. 2013) (declining to consider CAFA exceptions *sua sponte* on appeal).[3]

---

[2] Plaintiff brings the Motion "pursuant to 28 U.S.C. § 1332(d)(4)(A)," and raises no claim based on the so-called "home-state exception" to this Court's exercise of CAFA jurisdiction. Although Defendants respond to the notion that the home-state controversy exception does not apply, as Plaintiff claims no basis for remand upon this second exception, such arguments are disregarded for the purposes of the current Motion and the Court deems such arguments waived by Plaintiff. *See Visendi*, 733 F.3d at 869-70 (noting argument that exception applies may be waived before district court). Nevertheless, this Court acknowledges this second "home-state controversy" exception also likely would not form any basis for remand of this litigation, as two of the named defendants sued by "Poe" are diverse in citizenship.

[3] Furthermore, as noted in *Visendi*, the Ninth Circuit's judgment in this respect is consistent with our sister circuits:

> Other courts of appeals have also determined that the 'local controversy' exception and the related 'home state' exception are not jurisdictional. *See Gold v. N.Y. Life Ins.*

3

Although Plaintiff suggests the Ninth Circuit "did not explicitly consider the very specific subsection of CAFA that is at issue" here,[4] the *Serrano* court explicitly held that "*any exception under CAFA*" pertaining to remand must be proven by the party seeking remand.

Considering the Ninth Circuit's pronouncement in *Serrano* and its related CAFA decisions, the Court is unpersuaded by Plaintiff's novel legal rationales concerning why Plaintiff "cannot be expected to bear the burden of proving" why this specific subsection of CAFA's exception applies to mandate remand. Thus, Defendants bear no burden of proof to keep this case before this Court under CAFA. In the absence of any cognizable challenge to the minimal jurisdictional requirements of CAFA, Plaintiff bears the burden of proof to remand based on some non-jurisdictional exception to this Court's proper exercise of CAFA jurisdiction.

Plaintiff's Motion, in that vein, relies solely on CAFA's "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A). This exception provides a "district court *shall* decline to exercise jurisdiction" (A)(i) over a class action in which all the following conditions are met:

> (I) greater that two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed;
>
> (II) at least one defendant is a defendant
>
> > (aa) from whom significant relief is sought by members of the plaintiff class;
> >
> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> >
> > (cc) who is a citizen of the state in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed;

---

*Co.,* 730 F.3d 137, 14142, 2013 WL 5226183, at *3 (2d Cir. Sept. 18, 2013); *Morrison v. YTB Int'l, Inc.,* 649 F.3d 533, 536 (7th Cir. 2011); *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.,* 636 F.3d 971, 973 (8th Cir. 2011). *Visendi*, 733 F.3d at 869 n.3.

[4] Plaintiff highlights one element of the "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A)(ii), as not explicitly the subject of focus on appeal in *Serrano* and asserts, by contrast, that this element of the exception is the central issue in this Motion. This distinction lacks merit—Plaintiff presents no contrary authority binding on this Court that so limits the scope of the Ninth Circuit's declaration in *Serrano*.

*and* (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A).[5]

Plaintiff argues that the exception applies and mandates remand in this case, alleging, *inter alia*: (1) the entire proposed class consists of citizens of California receiving Medi-Cal benefits; (2) Health Net Community Solutions, Inc. is uncontrovertibly a California corporation from whom significant relief is sought by the proposed class; (3) all alleged injuries were incurred in California; and (4) "unique features" of this proposed class action "make it highly implausible" that other class actions filed within the past three years against Defendants are based on "the same or similar factual allegations."

Plaintiff's arguments fall short of establishing entitlement to remand based on 28 U.S.C. § 1332(d)(4)(A). Most importantly, similar class actions involving the same or a similar factual basis have been filed against Defendants within the past three years. *See* Third Amended Compl., *Harvey v. Centene Mgmt. Co.*, 2:18-cv-00012-SMJ (E.D. Wash. Nov. 28, 2018);[6] First Amended Compl., *Steinley v. Health Net, Inc.*, No. 2:18-cv-05458-R-SK (C.D. Cal. Sept. 10, 2018).[7] Both of these cases satisfy criteria listed in 28 U.S.C. § 1332(d)(4)(A)(ii), because here Plaintiff's Complaint highlights that numerous factual allegations in the Complaint "parallel" those in the prior the *Harvey* litigation, filed within the past three years, overlapping the same defendants. Although Plaintiff contends that he has not reviewed the relevant complaints in *Harvey* and *Steinley*, these documents are publicly available in digital format; furthermore, Plaintiff directly quoted the *Harvey* complaint in his Complaint before the Superior Court, strongly suggesting that he could access these documents and effectively present arguments regarding the dissimilarity of these other cases to this class action.

---

[5] In addition, the "home-state controversy" exception provides an alternative basis for a federal court to decline to exercise CAFA jurisdiction whenever: "(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Despite reference to this basis for remand in the parties' L.R. 73 correspondence prior to filing this Motion, Plaintiff raises no claim to remand based on this second statutory exception to exercising CAFA jurisdiction.

[6] ECF No. 62 in matter 2:18-cv-00012-SMJ.

[7] ECF No. 29 in matter 2:18-cv-05458-R-SK.

As established by persuasive authority of fellow federal district courts in this State, here Plaintiff has failed to prove "no other class action has been filed" asserting "the same or similar factual allegations" against any of Defendants on behalf of the same or other individuals. *See* 28 U.S.C. § 1332(d)(4)(A)(d)(4)(A)(ii); *accord Chalian v. CVS Pharm., Inc.*, No. CV 16-08979-AB (AGRx), 2017 WL 1377589 (C.D. Cal. 2011); *Jadeja v. Redflex Traffic Sys., Inc.*, No. C 10-04287 WHA, 2010 WL 4916413 (N.D. Cal. 2010). Given this Court's review of the related cases, *Harvey* and *Steinley*—both of which are cases filed against overlapping defendants as the instant litigation and both filed within the past three years—it is apparent that Plaintiff cannot satisfy his burden of showing the criteria of 28 U.S.C. § 1332(d)(4)(A)(ii) are satisfied. To the extent Plaintiff *could* do so, he fails to even attempt to argue that these cases are dissimilar from his class action.

Plaintiff's Motion fails for the foregoing reasons. As a result, this Court denies Plaintiff's Motion and request to extend time for the parties' initial meeting "until 30 days after the issue is finally resolved" under Federal Rule of Civil Procedure Rule 26(f).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. 20).

Dated: March 12, 2019

 MANUEL L. REAL
 UNITED STATES DISTRICT JUDGE